The Interstate Foundry Co. *v.* Ponder.

*Workmen's compensation—Injuries in course of employment—*
*Assault by employe after quarrel.*

P and J, being in the foundry where they were employed, and
about to go to work, became engaged in a quarrel in re-
gard to their work, and, just as the quarrel ended, when
P turned to proceed with the work, J struck him with a
crowbar, from the effects of which he died:

*Held:* P was injured in the course of his employment.

(Decided April 19, 1922.)

Error: Court of Appeals for Cuyahoga county.

*Messrs. Dustin, McKeehan, Merrick, Arter &*
*Stewart,* for plaintiff in error.

*Messrs. Lamb, Vaughn & Lamb,* for defendant in
error.

Sayre, P. J.   This case came to the court of com-
mon pleas on appeal from the Industrial Commis-
sion of Ohio.   It is brought into this court on peti-
tion in error.

Anthony Ponder, husband of defendant in error,
and one Ivory Jackson were working as fellow serv-
ants in a "knock out" gang, so called because it was
their part of the business to knock cores out of cyl-
inders.   There was rivalry between them as to the
amount of work they could do, but they had not
quarreled nor were they enemies.   January 22, 1920,
when they were present at the foundry, and were in
the act of starting work, the following conversation
took place between them:

Ponder: "Jackson, let's go down and shake those
cylinders out so these boys can go to work."

JACKSON: "I am getting tired of you trying to boss me."

PONDER: "I ain't trying to boss you. You know we've been starting work down there every night."

JACKSON: "Another thing again, I ain't scared of you."

PONDER: "I don't want you to be scared of me, I ain't no desperado. I'll go shake them out myself."

Ponder then turned to go to his work and had taken a couple of steps in that direction when Jackson seized a crowbar, which was sticking in a nearby sand pile, and struck Ponder a blow on the head, from the effects of which he died on February 13, 1920.

The question is whether Ponder was injured in the course of his employment within the meaning of Section 1465-68 of the Workmen's Compensation Law.

We answer in the affirmative, in view of the decisions of the supreme court in the cases of *Industrial Commission of Ohio* v. *Pora*, 100 Ohio St., 218, and *Industrial Commission of Ohio* v. *Weigandt*, 102 Ohio St., 1.

Counsel for plaintiff in error state their position in this case in the following words:

"There was no longer any quarrel about the work. Jackson didn't want to do it and had said so. Ponder had left Jackson to do the work himself. The situation is very unlike a case where both employes fight for the possession of a shovel or a similar implement, so that they may both work. The only inference, in our opinion, which the court can draw is that Jackson maliciously, and for no cause other than his own personal animosity to Ponder, struck

him with the crowbar, and that there was no connection between Jackson's felonious act and the employment.''

However, it seems to us that there is a direct line of cause and effect from the employment to the injury, which may be expressed as follows:

(a)  Two workmen (Ponder and Jackson) present in the foundry, ready to go to work.

(b)  Certain cylinders located at a certain place to be shaken out, which constitutes their employment.

(c)  These cylinders so located cause Ponder to make the remark to Jackson that they shake them out.

(d)  This remark causes Jackson to get into a violent passion.

(e)  This passion is the direct and immediate cause of the injury.

The *Pora case* may be analyzed in the same way:

(a)  Two workmen engaged at their employment, and each in need of an electric riddle.

(b)  This need of the implement, the effort of one to secure it and the other to hold on to it, causes the controversy or quarrel.

(c)  This quarrel causes the passion in the second helper.

(d)  This passion directly causes Pora's death.

It seems to us that in the case at bar there is a substantial, causal connection between the injury and the employment.  The fact that the quarrel was over and Ponder was going to do the work alone is not important, since this did not arrest or change the direct movement of cause and effect from the employment to the injury.

The judgment of the court of common pleas was

in favor of the defendant in error, and that judgment will be affirmed.

*Judgment affirmed.*

MIDDLETON and MAUCK, JJ., concur.

Judges of the Fourth Appellate District, sitting in place of Judges VICKERY, INGERSOLL and SULLIVAN, of the Eighth Appellate District.